UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHRISTOPHER KILLIAN                    CIVIL ACTION NO. 05-2012

versus                                 JUDGE JAMES

GRAPHIC PACKING                        MAGISTRATE JUDGE HORNSBY
INTERNATIONAL, INC., ET AL.

**MEMORANDUM ORDER**

Before the court is a motion to remand that argues, among other things, that the removing Defendant did not satisfy its burden of establishing that more than $75,000 is in controversy. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff's petition states that he was working when a coworker fell and a hose grabbed Plaintiff's leg and "pulled him into a machine causing injuries to his right leg and knee." The petition later uses the adjective "serious" to describe the injuries. The only factual detail about the nature of the injuries is found in paragraph 7, which describes them as: "right leg injury" and "fractured bone in Plaintiff's right knee and ligament damage." Defendant did not include any additional facts in its notice of removal, and it made only a

conclusory assertion that the amount in controversy exceeded $75,000. Plaintiff's motion to remand claims that the amount in controversy is less, but it adds no facts regarding the nature and extent of the injuries and associated losses that would help make that decision. Of course, the burden is on the removing party, not Plaintiff, to produce such facts.

Defendant stated in its opposition that it was aware of its burden but added no additional facts in its notice of removal because it "assumed" that awards by state courts "for injuries similar in severity to those alleged by Plaintiff spoke for themselves." Unfortunately, the court has no way of determining whether such cases addressed injuries similar in severity to Plaintiff's because it has so little information about Plaintiff's injury. Defendant adds that its memorandum will "alleviate any doubt" that its burden has been met. Defendant backs that proclamation with a repeat of the allegations in the complaint and the addition of only the following new information: (1) medical records obtained by Defendant are not complete but bear out the "general injuries" alleged by Plaintiff and (2) Defendant is not aware that Plaintiff has had surgery, but the medical records are believed to be incomplete and Plaintiff has not yet responded to discovery. Despite Defendant's assertion, there are still doubts about the amount in controversy that have not been alleviated.

Before the court decides the motion to remand, it will permit Defendant to articulate specific facts upon which a rational amount in controversy decision can be based. Defendant might be able to gather the necessary facts with a simple phone call to Plaintiff's counsel to ask about the nature and extent of the claimed injuries, the nature and duration of medical

treatment, and a reasonable estimate of the medical expenses, lost wages, etc. that are at stake. The amount of any settlement demands may also be relevant. The court must have more facts than a generic assertion of fractured bone in a knee to ensure that it has jurisdiction. That description could include truly traumatic and expensive injuries, but it is also vague enough to include less significant injuries that might require only conservative medical care and cause little pain.

Defendant will be permitted until **March 27, 2006** to file an **Amended Notice of Removal** that sets forth specific facts about the injuries and losses claimed by Plaintiff. The court will then decide whether Defendant has met its burden of establishing a basis for diversity jurisdiction. If Defendant did not possess adequate facts to plead such matters in the notice of removal, then it should not have removed the case prematurely. The 30-day period for removal does not commence by service of the original petition unless "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE